# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:06cv13

| | |
|---|---|
| CECIL AUBREY STONE, JR.; and wife JANEY M. HUDSON, )<br><br>Plaintiffs, )<br><br>Vs. )<br><br>WAYNE HOMES MID-ATLANTIC, LLC; CENTEX INTERNATIONAL, INC.; and NORBORD, INC., )<br><br>Defendants. ) | ORDER |

**THIS MATTER** is before the court on defendant Centex International, Inc.'s (hereinafter "Centex") Motion to Dismiss Under Fed. R. Civ. Proc. 12(b)(2) & (6) and Alternative Motion for More Definite Statement. Centex filed its motion on February 6, 2006, making plaintiffs' response due to filed not later than February 23, 2006. There are a number of problems in this case.

Centex has moved to dismiss the Complaint, however, it has failed to support its motion with a memorandum of law. While Centex has proffered some legal arguments in its three-page motion, it has not cited any authority for the legal theories on which it relies. For example, Centex states in its motion that "[o]wnership or equity interest in a limited liability company is in the hands of its members." Docket Entry 4, at ¶ 3. While that may be true, and lawyers may know it to be true, it is the type of statement that requires citation to some authority. Likewise, Centex has challenged *in personam* jurisdiction, but has cited no authority for the relief it seeks, and has not mentioned the long established five-factor analysis developed in this district under Western Steer-Mom & Pops v. FMT Invs., Inc., 578 F. Supp. 260, 264 (W.D.N.C. 1984). Local Rule 7.2 requires that "[b]riefs shall be filed with the motion, except timely motions for extension of time or admission *pro hac vice*." Centex is

advised that in considering its dispositive motion, the court will be required to consider the legal merits of each theory on which its seeks dismissal and issue an extensive written opinion. Centex's motion would require the court (as well as the plaintiffs) to find cases that would in the first instance support such defendant's legal theories. This is the initial burden of the moving party. Centex's motion will, therefore, be denied without prejudice and Centex will be granted leave to refile its motion with an appropriate brief within 5 days of receipt of this Order.

Equally problematic, plaintiffs have failed to respond to defendant's motion within the time provided. Local Rule 7.1(B) provides that "[r]esponses to motions, if any, shall be filed within fourteen (14) days of the date on which the motion is served . . . ." Plaintiffs' response was due to be filed not later than February 23, 2006. Counsel for plaintiffs is cautioned that motions that are unopposed are routinely granted, that motions are typically disposed of on the briefs, and that there is no "notice of hearing" system as in state court.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant Centex International, Inc.'s Motion to Dismiss Under Fed. R. Civ. Proc. 12(b)(2) & (6) and Alternative Motion for More Definite Statement (#4) is **DENIED WITHOUT PREJUDICE,** and Centex is granted leave to refile its motion with a supporting memorandum of law within five (5) days from receipt of this Order.

Signed: March 8, 2006

Dennis L. Howell
United States Magistrate Judge